**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| FAUSTO NUNEZ, | ) | |
|         Movant, | ) | |
| | ) | |
| vs. | ) | 1:08-cv-1478-SEB-JMS |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

      A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Because movant Fausto Nunez has failed to make such a showing here, his motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.** This conclusion is based on the following facts and circumstances:

      1.    Nunez was convicted of a drug offense in No. IP 04-161-CR-03 following trial by jury. His conviction and sentence were affirmed on appeal in *United States v. Nunez*, 532 F.3d 645 (7th Cir. 2008), despite the presence of what the Court of Appeals found to be harmless error at trial.

      2.    The completion of his direct appeal was followed with the filing of the present motion for relief pursuant to 28 U.S.C. § 2255. The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

      3.    The record pertaining to the § 2255 motion has been adequately expanded and the parties' arguments have been considered. None of Nunez's claims warrant the relief he seeks.

a.      The premise of Nunez's first claim is that the court either mechanically applied or ignored the sentencing factors specified in 18 U.S.C. § 3553(a). Nunez has committed procedural default with respect to this claim by not raising it in his direct appeal. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). Even absent such default or if Nunez could overcome its consequences, he is not entitled to relief based on this first claim because its premise is flat wrong. The court made explicit findings relative to various sentencing factors and departed substantially downward from the bottom of the Sentencing Guidelines range.

b.      Nunez argues that he is entitled to relief based on an improper disparity between the sentence he received and the sentences of his co-defendants. This claim has also been placed beyond review by Nunez's procedural default, the claim is not one which would warrant relief as a matter of law, *United States v. Statham,* 581 F.3d 548, 556 (7th Cir. 2009), and, again, the factual premise of this claim is erroneous.

c.      Nunez's final claim is that the filing of an Information pursuant to 21 U.S.C. § 851(a) was indicative of prosecutorial vindictiveness. Not so. *United States v. Jenkins,* 537 F.3d 1 (7th Cir. 2008).

4.      For the reasons explained above, Nunez is not entitled to relief in this action. He has failed to demonstrate a constitutional violation warranting collateral relief. Accordingly, his motion for relief pursuant to § 2255 is **denied**, and this action must be dismissed with prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 12/07/2009

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana